PETERS v. PETERS.

1. DIVORCE—CROSS-BILL—DAY IN COURT—FAILURE TO OFFER TESTIMONY—EFFECT.

In a suit by a wife for a divorce, where, after the hearing had been in progress for several days, defendant's counsel acquiesced in the suggestion of the court that there was nothing further to be taken up except the question of the division of the property, and defendant took the stand and confined his proof to that question, offering no testimony in support of his cross-bill, he may not complain, after decree for plaintiff was entered, that he had not had his day in court on his cross-bill.

2. SAME—EVIDENCE—SUFFICIENCY.

The allegations in plaintiff's bill, and the competent testimony in the case, *held*, to make out a cause for divorce.

3. SAME—ALIMONY.

An allowance of $1,200 a year without limit of time to a wife with a minor child, on awarding her a decree of divorce, *held*, too high, in view of the fact that she is a proficient stenographer and is now admitted to the bar, and that defendant's business is not as profitable as plaintiff claims, and the award is modified, on appeal, to $500 to be paid in four monthly installments, and thereafter $60 a month for the support of the child until it is 14 years old.

Appeal from Wayne; Mandell (Henry A.), J. Submitted January 10, 1923. (Docket No. 64.) Decided April 27, 1923.

Bill by Viola G. Peters against Gerritt Peters for a divorce. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Philip A. McHugh*, for plaintiff.

*J. H. M. Alexander* (*Sherman D. Callender* and *Walter M. Trevor*, of counsel), for defendant.

On question of modification of amount of alimony on account of changed conditions, see note in 44 L. R. A. (N. S.) 1026.

FELLOWS, J. The original bill praying for a decree for separate maintenance was amended to ask for an absolute divorce. It would not profit the parties or the profession to detail the brief and stormy matrimonial career of these parties. It will suffice to say that they were married May 27, 1920, and finally separated August 15, 1921; one child was born; plaintiff at the time of her marriage was a stenographer and law student; it seems to be conceded that she has since been admitted to the bar; defendant operating under the name of the Twin City Exterminating Company took contracts by the year with hotels and other large institutions to exterminate and keep free from vermin such institutions; he also did such work by the hour. The business was profitable but not as lucrative as plaintiff claims. After hearing plaintiff's side of the case for several days, the testimony having clearly made a case and as clearly established that a reconciliation was out of the question, the trial judge inquired of defendant's counsel:

"Is there anything in the case more than the question of the division of the property? It seems to me that we have taken up already more time than should be taken up in this matter."

To this inquiry defendant's counsel replied: "I don't think there is, your honor." The record, we think, fairly discloses that counsel then attempted to reach an agreement upon property matters which was unsuccessful. Defendant's counsel then called his client to the stand and interrogated him fully as to property matters but made no inquiry as to his marital troubles and offered no testimony to sustain defendant's cross-bill. The case was taken under advisement and an audit of defendant's books by a public accountant was filed with the brief of defendant's counsel. The trial judge filed an opinion direct-

.ing a decree of divorce for plaintiff with alimony. After the decree was entered an application for rehearing was made by defendant on the ground that he had been prevented from making his defense and that the amount of alimony allowed was excessive. This application was denied.

Defendant's counsel most strenuously urges that the case should be reversed and sent back for a further hearing because defendant has not had his day in court on his cross-bill. It is a sufficient answer to this contention to say that when the case was heard in the court below no testimony covering the allegations in the cross-bill was offered. Had such testimony been offered no doubt the court would have received it; if he had declined so to do another question would be presented. As we have pointed out the case had occupied several days of the time of the court and defendant's counsel acquiesced in the suggestion of the court that the only question in the case involved property matters and defendant confined his proof to that question. Under these circumstances defendant cannot ask a reversal and a rehearing because the court did not consider testimony not offered.

Defendant's counsel has assigned error as in an action at law upon the admission of testimony. We hear chancery cases *de novo,* and it will be sufficient answer to these objections to say that the allegations of the bill and the competent testimony in the case make out a cause for divorce.

We think the provisions for alimony found in the decree should be modified. Plaintiff was there given the household furniture. This, we think, she should have; she had paid for most of it. She was given the custody of the minor child; this, too, was right. She was given $1,200 a year without limit of time, and this was made a lien on defendant's property. Her allowance should be a lien on defendant's proper-

ty but we think the amount allowed too high. Defendant had his business when they married. Plaintiff helped him some in it while they lived together, but, as we have stated, we do not think it as profitable as plaintiff claims. She brought him no property other than the amount she invested in furniture. The property he had when he married her was about all he had at the time of the hearing. Outside of his business he owned some equities, probably not worth to exceed $1,600 or $1,800. The award for support during the pendency of the suit was quite liberal and defendant is considerably in debt; plaintiff is a proficient stenographer and now has a profession. Taking everything into consideration we think plaintiff should be allowed $500 to assist her to start in her profession. This may be divided into four monthly payments. Thereafter defendant will pay for the support of the child $60 a month until the child reaches the age of 14 years. Should the financial condition of either plaintiff or defendant materially change in the future, application may be made to the circuit court for the county of Wayne, in chancery, to change or modify the allowance for the support of the child.

As thus modified, the decree will be affirmed. Neither party will recover costs in this court.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.